IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT
NOV - 2 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **UNDER SEAL** |
| ) | (L.R. 49(B)) |
| v. ) | |
| ) | Case No. 1:11CR529 |
| EZIO BENJAMIN FIGUEROA VASQUEZ, ) | |
| ) | Count 1:   18 U.S.C. § 1956(h) |
| HASSEIN EDUARDO FIGUEROA GOMEZ, ) | 18 U.S.C. § 1956(a)(2)(A) |
| also known as ) | (conspiracy to commit money laundering) |
| "Ernesto Fernandez Gomez," ) | |
| ) | Forfeiture:   21 U.S.C. § 853 |
| Defendants. ) | 18 U.S.C. § 982 |

November 2011 Term - at Alexandria, Virginia

INDICTMENT

COUNT ONE

THE GRAND JURY CHARGES THAT:

From in or about 1998 through in or about 2009, within the jurisdiction of the United States and in an offense begun and committed outside the jurisdiction of a particular State or district, the defendants, Ezio Benjamin Figueroa Vasquez and Hassein Eduardo Figueroa Gomez, also known as "Ernesto Fernandez Gomez," who will be first brought to the Eastern District of Virginia, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury to unlawfully and knowingly transport, transmit and transfer a monetary instrument and funds to a place in the United States from or through a place outside the United States and from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on

of specified unlawful activity, to wit: an offense against a foreign nation, specifically Mexico, involving the unlawful importation of pseudoephedrine, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

(All in violation of Title 18, United States Code, Section 1956(h).)

## FORFEITURE

Pursuant to Rule 32.2(a), the defendants are hereby notified that, if convicted of the offense charged in this Indictment, they shall forfeit to the United States any property constituting or derived from any proceeds the defendants and their co-conspirators obtained, directly or indirectly, as the result of such violation, or substitute assets therefor, including, but not limited to, a money judgment in the amount of $3,000,000 in United States currency, representing the proceeds of the offense, and any of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of such violation.

(Pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 982; Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.)

A TRUE BILL

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

Foreperson

Neil H. MacBride
United States Attorney

Daniel J. Grooms
Assistant United States Attorney

3